IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE A. CHRUSTOWSKI, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-873-CFC |
| NAACP – DERRICK JOHNSON, | : |
| Defendant. | : |

Renee A. Chrustowski, Middletown, Delaware.  Pro Se Plaintiff.

## MEMORANDUM OPINION

March 12, 2024
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Renee A. Chrustowski appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

The Complaint lists Derrick Johnson as the sole Defendant. The Complaint indicates that Johnson is employed by, or somehow associated with, the NAACP. Plaintiff describes a litany of experiences Plaintiff had in various jobs, and interviews for jobs, generally claims reverse discrimination, but provides no relevant factual allegations to support such a claim. Plaintiff asserts no allegations against Defendant Johnson, but alleges that the NAACP "violated [Plaintiff's] privacy rights, stole [Plaintiff's] personal information, and harassed [Plaintiff] at various locations. (D.I. 3 at 8) Plaintiff further alleges that "[t]he defendants caused [Plaintiff] to have epilepsy, seizures, 8 stitches, staph infection, rashes, blister, ulcer." (*Id.* at 9) Plaintiff seeks $900 million in damages.

Plaintiff has also filed a motion to seal, nominally titled a motion for summary judgment. (D.I. 1)

## II. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, the pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Plaintiff's Complaint, which contains no allegations against the named Defendant, and no cognizable allegations against any potential defendant, is frivolous and fails to state a claim, and will therefore be dismissed. Amendment is futile, particularly in light of Plaintiff's repeated frivolous filings in this Court.

3

Plaintiff's motion to seal will be denied. There is a "strong presumption of openness [which] does not permit the routine closing of judicial records to the public." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal citation omitted). Plaintiff has not met the "heavy burden" of showing that "disclosure will work a clearly defined and serious injury," *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984), or that closure is "essential to preserve higher values and is narrowly tailored to serve that interest," *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606 (1982).

## III. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and deny the motion to seal.

This Court will issue an Order consistent with this Memorandum Opinion.